IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Great Plains National Bank, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:08-cv-56 |
| | ) | |
| -vs- | ) | **ORDER REMANDING CASE** |
| | ) | |
| Sam Leppert, Laura Leppert, Andrew Anthony Heinze and J. Doe 1-V, | ) ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a Motion by the Plaintiff, Great Plains Bank, to remand this action to state court. (Doc. 2). Plaintiff has also moved for a hearing on its Motion for Remand. (Doc. 3). Because the Court has before it sufficient information to conclude that a Remand to state court is inevitable, the motion will be rendered moot and will not be addressed.

Also before the Court is Defendant Sam Leppert's Motion to Take Judicial Notice. As the granting of Plaintiff's Motion to Remand will render the motion moot, it will not be addressed as well.[1]

## I. PROCEDURAL HISTORY

This is the second time that this action has been attempted to be removed by Leppert to the United States District Court for the District of North Dakota. In <u>Great Plains National Bank v. Sam Leppert and J. Doe I - V</u>, 3:07-cv-114 (2007), Leppert attempted to remove state foreclosure action to this court. The Court remanded the action to state court on a number of

---

[1] While the Court will not address the Defendant's Motion to Take Judicial Notice, it is worthy of note that Rule 64 of the Federal Rules does not create any basis for accepting a "Common Law Lien" and that North Dakota Rule 64 specifically refers to seizures of property "in the manner provided for by the law of this state existing at the time the remedy is sought." The available remedies under current law are governed by Chapter 32-08.1 (attachment), Chapter 32-07 (replevin) and Chapter 32-09 (garnishment). The defendant has not pointed to any possible authority for his "Common Law Lien" other than his own imaginings. Which is another indicator of the frivolous nature of the defendant's proceedings in this Court.

1

grounds, including: (1) that the attempt to remove was untimely; (2) that the attempt to remand failed wholly to comply with 28 U.S.C. § 1446(a) in that the defendant failed to file any of the necessary documentation other than a copy of the underlying complaint; (3) that the defendant had attempted to improperly add party Plaintiffs to the action including a Minnesota banking entity and the plaintiff's counsel.  At that time the court noted "whether the defendant, who is unrepresented, made this alteration to create diversity where none exists, to harass plaintiff or its counsel, or out of ignorance of the appropriate procedures is unclear."  Given the nature of Leppert's current attempt to remove there is no longer a debatable proposition: It is clear that the Leppert's intention is to vex, harass, and obfuscate all attempts by the Plaintiff to foreclose it's underlying mortgage.

The Court remanded the action to state court by an order dated 14 April, 2008.  Subsequently, the Plaintiff's amended their action to add party defendants Laura Leppert and Andrew Anthony Heinze. (Doc. 6 pp 1-2).  These co-defendants were named only for the purposes of foreclosure, the Plaintiff does not assert the right to a deficiency against any party, including Sam Leppert. Id.

On 17 June, 2008 a contempt hearing was held in Valley City in the Southeast District Court for the State of North Dakota.

On 27 June, 2008 Judge Mikal Simonson of the Southeast Judicial District Court in the State of North Dakota found Sam Leppert in contempt of court for a willful disobedience of the Court's orders.

Not entirely surprisingly, given Leppert's repetitive attempts to obstruct justice in this case, Leppert filed a Notice of Removal on 27 June, 2008.

These proceedings followed.

## II. DISCUSSION

In reviewing Leppert's Answer to this action only one thing is clear–the Answer is conclusory, fails to disclose any relevant fact and is designed primarily to delay, vex, harass, and annoy. After first claiming that he is without any knowledge of any fact contained in the Complaint the defendant asserts 23 affirmative defenses in a summary fashion. Not a single fact is averred that would support any one of the defenses–most of which are unrecognizable as "defenses" in any court.

At this point the "Answer" sidetracks into an ethereal claim that somehow the conduct of Great Plains National Bank violates the Fair Debt Collection Practices Act. Without any factual allegation to support a claim as to why the foreclosure of an agricultural loan would be subject to any provision of the FDCPA, see, Munk v. Federal Land Bank of Wichita, 791 F2d 130, 132 (10th Cir. 1986), Leppert diverts to the truly fantastic: a claim that the bank's conduct violates 18 U.S.C. §§ 241 and 242. Both of which are criminal conspiracy statutes. It is well-settled law that these statutes do not create a private cause of action. See, Peabody v. United States, 394 F. 2d 175 (9th Cir. 1968)(cert. den. 393 U.S. 1033); Lerch v. Boyer, 929 F. Supp. 319 (N.D. Ind. 1996); Kelly v. Rockefeller, 69 Fed. Appx. 414 (10th Cir. 2003); Riser v. WSYX-TV ABC-6, CL 31409427 (S.D. Ohio 2002).

Finally, Leppert asserts that the acts of Plaintiff violate 42 U.S.C. §§ 1985 and 1986, conspiracy to violate civil rights. There are no facts alleged in support of these claims whatsoever. The general rule of *pro se* pleadings in civil rights actions is that they "are construed liberally[, but] they most not be conclusory and must set forth facts which state a claim as a matter of law." Martin v. Sargent, 780 F. 2d 1334, 1337 (8th Cir. 1985)("Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions).

In this case Leppert has pled no fact to support his conclusions whatsoever–the whole tone and tenor of the pleading is to obscure and delay.

In short, the pleading presented by Leppert is interposed in objective bad faith, serves no useful purpose and is specifically designed to obstruct justice.

Based on the above and foregoing the Court finds a want of jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332.

Under these circumstances merely remanding the case to state court will not prevent further abuses of the removal power and the Court needs to take remedial action to stop further abuses of process by Leppert.

### III. ORDER

**IT IS HEREBY ORDERED:**

1. This case is hereby remanded to the State of North Dakota, County of Barnes, District Court forthwith.

2. Plaintiff is hereby awarded costs and attorney's fees from Defendant Sam Leppert in the sum of $750.00.

3. No further pleading of Sam Leppert shall be allowed in any case without the prior approval of either a United States District Judge or United States Magistrate Judge finding that the pleading appears to be interposed in good faith and states sufficient grounds to be entertained.

Dated this 3rd day of December, 2008.

/s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court